**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6391**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE PATTERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-113)

———————

Submitted: November 30, 2000      Decided: December 20, 2000

———————

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eddie Patterson, Appellant Pro Se. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. Local Rule 36(c).

PER CURIAM:

Eddie Patterson appeals the district court's order denying his motion to compel the Government to file a motion under Fed. R. Crim. P. 35(b). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. United States v. Patterson, No. CR-93-113 (W.D.N.C. Feb. 29, 2000).[*] With regard to the claims Patterson raises for the first time on appeal, we decline to address them. See First Va. Banks, Inc. v. BP Exploration & Oil Inc., 206 F.3d 404, 407 n.1 (4th Cir. 2000) (declining to consider issues raised for first time on appeal); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for first time on appeal generally will not be considered absent exceptional circumstances of plain error or fundamental miscarriage of justice). Should Patterson wish to pursue those claims in a second motion under 28 U.S.C.A. § 2255 (West Supp. 2000), he must first seek authorization from this court to do so. We dispense with oral argument because the facts and legal contentions are

---

[*] Although the district court's order is marked as "filed" on February 28, 2000, the district court's record shows that it was entered on the docket sheet on February 29, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED