UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

PATRICK LAMAR HARRIS,

*Defendant-Appellant.*

No. 00-6610

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-94-297, CA-98-2795-4-12)

Submitted: November 30, 2000

Decided: March 26, 2001

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Patrick Lamar Harris, Appellant Pro Se. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick Lamar Harris appeals from the district court's denial of his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. Finding no reversible error, we deny a certificate of appealability and dismiss the appeal.

Harris first argues that the Government knowingly suborned perjury during Charles Adrian Ford's testimony. The district court incorrectly determined that Harris was attempting to raise an identical issue to one raised on appeal. However, on appeal, Harris contended that the Government's late disclosure of an investigator's notes of an interview with Ford violated *Brady v. Maryland*, 373 U.S. 83 (1963). In contrast, in his § 2255 motion, Harris asserted that Ford's testimony at a subsequent, unrelated trial demonstrated that Ford perjured himself at Harris's trial. Accordingly, the district court did not address the actual claim raised by Harris.

At this subsequent trial, Ford stated that he started dealing drugs in the summer of 1990, with persons unrelated to Harris's conspiracy, which contradicted his testimony at Harris's trial that he did not start dealing drugs until 1992. Ford also testified that he told an investigator about his other drug dealings, but that the investigator did not follow up on the information.

Generally, a defendant states a valid claim for denial of due process upon proof that the Government knowingly used perjured testimony to obtain his conviction. *See United States v. Griley*, 814 F.2d 967, 970-71 (4th Cir. 1987). Furthermore, the conviction will not be set aside in the absence of prejudice. *See United States v. Bagley*, 473 U.S. 667, 679 n.9 (1985) (plurality opinion of Blackmun, J.). Applying these principles, we hold that Harris's claim does not merit relief.

Next, Harris asserts that he received ineffective assistance of counsel when his attorney failed to request a curative instruction after firearms, that were not admitted into evidence, were shown to the jury. Although the district court initially stated that it would give the jury a limiting instruction, defense counsel did not object to the court's

failure to actually do so. Harris challenged the Government's actions on appeal, and we held that Harris was not unfairly prejudiced and that defense counsels' failure to object arose "perhaps out of the (reasonable) belief that the instruction would do more harm than good."

The district court declared itself bound by this court's opinion on direct appeal. However, this court held that it was not reversible error to improperly display firearms to the jury; Harris now argues instead that he received ineffective assistance of counsel when his attorney failed to request a curative instruction that the district court had already determined to be proper. Because the issues are not the same, the district court was not bound by our ruling on appeal.

Nonetheless, Harris's actual claim is also meritless. In order to show ineffective assistance of counsel, Harris must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find that Harris cannot show any prejudice from the failure to press the curative instruction issue. First, as discussed above, there was ample other evidence on which to convict Harris. Second, the firearms were displayed for mere seconds during a three week trial. Finally, as we noted on appeal, it would have been a reasonable trial strategy to forego an instruction that would remind the jurors of the firearms. Accordingly, Harris cannot show that he received ineffective assistance.

Next, Harris attempts to raise a claim based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the first time on appeal. Claims raised for the first time on appeal generally will not be considered absent exceptional circumstances of plain error or fundamental miscarriage of justice. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *First Virginia Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 407 n.1 (4th Cir. 2000) (declining to consider issue raised for first time on appeal). Because Harris makes no showing of exceptional circumstances, we decline to review this claim.

Based on the foregoing, we grant Harris's motion to amend his informal brief, deny a certificate of appealability, and dismiss the appeal regarding the claims discussed above. In addition, we have carefully considered Harris's remaining claims, as well as the district

court's opinion and the record in this case, and we find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal regarding the remaining claims on the reasoning of the district court. *United States v. Harris*, Nos. CR-94-297; CA-98-2795-4-12 (D.S.C. Mar. 23, 2000). We deny Harris's motion to stay briefing and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*