**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4298

PHILLIP ERNEST DIXON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-00-36)

Submitted: January 17, 2002

Decided: February 13, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joseph M. Wilson, Jr., BROWNE, FLEBOTTE, WILSON & HORN, P.L.L.C., Durham, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pursuant to a guilty plea to one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C.A. §§ 841, 846 (West 2000 & Supp. 2001), Phillip Dixon was sentenced to 128 months imprisonment and five years supervised release. Dixon noted a timely appeal, contending that the district court abused its discretion in denying his motion to withdraw his guilty plea. Finding no error, we affirm.

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion by the district court. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant, however, bears the burden of demonstrating a fair and just reason for the withdrawal. Fed. R. Crim. P. 32(e); *see also Ubakanma*, 215 F.3d at 424. To determine whether a defendant has met this burden, the court applies the factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Dixon claims that his attorney misled him into pleading guilty when he convinced Dixon that he would receive no more than ten years imprisonment. However, as the district court found, Dixon entered his guilty plea after a comprehensive Fed. R. Crim. P. 11 proceeding; he understood the charges, acknowledged the truth of the Government's factual basis, and stated that he was voluntarily pleading guilty. Furthermore, Dixon's counsel testified that he exhaustively reviewed the sentencing guidelines with Dixon, informed him of the mandatory minimum for the crime charged (ten years), and advised him that there could be a possible downward departure depending upon Dixon's substantial assistance to the Government. Further, the plea agreement, which Dixon signed, provided that the statutory sentencing range was ten years to life. Therefore, the district court did not abuse its discretion when it found that Dixon failed to show that his counsel's actions constituted a fair and just reason to withdraw his guilty plea.

Dixon also claims on appeal the claim that he lacked the mental competency necessary for a voluntary guilty plea. In order to show incompetence to plead guilty, a defendant must show that "his mental

faculties were so impaired . . . when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." *Shaw v. Martin*, 733 F.2d 304, 314 (4th Cir. 1984) (quoting *United States v. Truglio*, 493 F.2d 574 (4th Cir. 1974)). A clinical psychologist examined Dixon and found him to be suffering from a personality disorder that did not render him incompetent to stand trial. The district court reviewed this report and approved its findings. On appeal, Dixon has not provided any materials to support his possible incompetency, and merely rests upon the perceived inadequacy of the district court's determination. Furthermore, the transcripts of his arraignment and plea hearing do not disclose any evidence of an impairment. Based upon these facts, a finding that Dixon was impaired to the degree necessary to render his plea involuntary would be highly speculative and contradict the only available medical evidence on the matter.

Lastly, Dixon, a citizen of Jamaica, claims that his status as a foreign national renders his plea moot as he should have been afforded the opportunity to consult with his embassy. Specifically, Dixon contends that he should be allowed to withdraw his guilty plea because the Government failed to inform him of his rights under the Vienna Convention on Consular Relations.

Dixon raises this claim for the first time on appeal. Generally, such claims are not considered if they were not first presented to the district court, absent exceptional circumstances of plain error or fundamental miscarriage of justice. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *First Virginia Banks, Inc. v. BP Exploration & Oil Inc.*, 206 F.3d 404, 407 n.1 (4th Cir. 2000). Dixon has not presented any evidence to suggest he qualifies for this very narrow exception.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*