**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 01-4113

PRENTICE L. HOARD,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-14)

Submitted: February 12, 2002

Decided: February 28, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Wood W. Lay, HUNTON & WILLIAMS, Charlotte, North Carolina,
for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas
R. Ascik, Assistant United States Attorney, Asheville, North Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Prentice Hoard was convicted of possession with intent to distribute more than 500 grams of cocaine, as well as aiding and abetting such activity, and was sentenced to 300 months incarceration. 18 U.S.C.A. § 2 (1994); 21 U.S.C.A. § 841(a)(1) (West 1999). During the trial and sentencing, Hoard chose to represent himself; his appointed counsel assumed a consultative role throughout the proceedings. He appeals on the ground that the district court's refusal to reopen the evidence after the parties had rested constitutes plain error and an abuse of discretion.

During closing arguments, Hoard commented that he would have liked to place his former counsel on the stand to refute a statement made by the prosecution. He argues that his prior consistent statements to his counsel would have swayed the jury in its assessment of his credibility. The district court properly concluded that Hoard's comments during closing arguments did not constitute a request to reopen the evidence. He never expressly moved for a reopening of the evidence. Moreover, although he represented himself, Hoard did benefit from having appointed counsel serve a consultative role.

Hoard's failure to object to the district court's ruling at trial relegates a review of this ruling to the plain error standard. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). However, Hoard has failed to demonstrate that there was any error. Furthermore, the correction of plain error is not to be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *First Virginia Banks, Inc. v. BP Exploration & Oil Inc.*, 206 F.3d 404, 407 n.1 (4th Cir. 2000); *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Based upon the overwhelming evidence against Hoard, the absence of one witness to corroborate a prior consistent statement did not so taint the entire proceeding as to render a jury's verdict void.

Accordingly, we affirm Hoard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*