An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHARLIE BROWN CONSTRUCTION, INC., A NEVADA CORPORATION, Appellant, vs. HANSON AGGREGATES LAS VEGAS, INC., A NEVADA CORPORATION, Respondent. | No. 58313 |
| CHARLIE BROWN CONSTRUCTION, INC., A NEVADA CORPORATION, Appellant, vs. HANSON AGGREGATES LAS VEGAS, INC., A NEVADA CORPORATION, Respondent. | No. 58966 |

FILED

MAY 31 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

These are consolidated appeals from a district court judgment as a matter of law in a construction defect contract and tort action and from a post-judgment order awarding fees and costs. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Under NRCP 52, a district court may enter a judgment on partial findings once a party has been fully heard on an essential issue. In the underlying case, the district court granted respondent Hanson Aggregates Las Vegas, Inc.'s motion for a judgment as a matter of law after appellant Charlie Brown Construction, Inc. (CBC) presented its first witness. We must determine whether the district court erred in entering a judgment after CBC's presentation of only one of its witnesses. We conclude that the district court erred because it did not allow CBC to present further evidence before entering its judgment.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-16054

This action stems from the construction of the Apache Springs common-interest community project. Horizon Investments, Inc. was the developer of the project. Horizon, in turn, hired CBC to do all of the surface grading and asphalt work. Because CBC could not provide asphalt work, it subcontracted with Hanson.

After the completion of the project, certain defects began to appear as a result of the allegedly negligent design and construction of the project. The Apache Springs Homeowners' Association (Apache Springs HOA) filed a class-action complaint against Horizon, alleging various claims under NRS Chapter 40 and tort and contract principles. Horizon then filed a third-party complaint against all of its contractors, including CBC. Subsequently, CBC filed a third-party complaint against Hanson for the asphalt work that it provided on the project. Hanson was dismissed from the case, and CBC was eventually able to settle directly with Apache Springs HOA.

CBC then filed an indemnity claim against Hanson to recover the total amount paid in the settlement. The matter was set for a bench trial, and before opening statements, Hanson moved for a judgment as a matter of law, arguing that CBC would be unable to prove the causation and damages elements of its claims. The district court denied Hanson's motion and proceeded with trial. After CBC's president testified, Hanson again moved for a judgment as a matter of law, and after lengthy argument, the district court granted Hanson's motion, citing NRCP 50(a). Hanson filed a motion for attorney fees pursuant to the offer of judgment rule. Over CBC's objection, the district court granted Hanson's motion for attorney fees. These consolidated appeals followed.

 

*Judgment on partial findings*

CBC's primary contention on appeal is that the district court erred in granting Hanson's motion for a judgment as a matter of law. Specifically, CBC argues that the district court precluded it from presenting testimony that would have satisfied the elements of its claims. CBC also argues that the district court improperly entered a judgment after determining that proof of actual payment of the settlement and the settlement's allocation were necessary elements to prove its claims. In its answering brief, Hanson (1) contends that the clear language of NRCP 50(a)(1) allows a district court to grant a judgment as a matter of law after the nonmoving party has been fully heard on an issue and (2) argues that CBC was fully heard on the issues of causation and damages and that its claims for indemnity failed as a matter of law.

As a preliminary matter, it is important to clarify the rule of civil procedure under which the motion for judgment should have been brought. NRCP 50 applies in cases heard before *a jury*. Therefore, the parties' and the district court's reliance on NRCP 50 is misplaced. Instead, NRCP 52, which is applicable in nonjury trials, should have been applied.[1] Therefore, further discussion of the district court's entry of a judgment as a matter of law will be analyzed as if it had entered a judgment on partial findings under NRCP 52(c).

Subsection (c) of NRCP 52 was added in 2004 and it "conforms to the 1991 amendment to [FRCP 52]." *In the Matter of a Study Committee to Review the Nevada Rules of Civil Procedure*, ADKT No. 276

---

[1] The pertinent subdivisions of these rules, NRCP 50(a) and NRCP 52(c), parallel each other with NRCP 50 applicable in jury trials and NRCP 52 applicable in nonjury trials. NRCP 52 drafter's note.

(Order Amending the Nevada Rules of Civil Procedure, July 26, 2004); NRCP 52 drafter's note. In a nonjury trial, NRCP 52(c) allows the district court to enter judgment on partial findings against a party when it "has been fully heard on an issue" and judgment cannot be maintained "without a favorable finding on that issue." The district court must enter findings of fact and conclusions of law that constitute the grounds for its action. NRCP 52(a), (c).

"Findings of fact shall not be set aside unless clearly erroneous." NRCP 52(a). We review the district court's application of law to facts and issues of statutory construction de novo. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004); *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. ___, ___, 296 P.3d 1202, 1203 (2013). "When a statute's language is plain and unambiguous, we give that language its ordinary meaning." *State, Dep't of Taxation v. Chrysler Grp., LLC*, 129 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 29, May 2, 2013); *see Webb ex rel. Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009) (stating that the rules of statutory construction apply to interpret the rules of civil procedure).

The plain language of NRCP 52(c), as well as the drafter's note, indicate that a district court may enter a judgment on partial findings once the nonmoving party has been fully heard on an issue. In other words, once a party has presented all of the evidence that it plans to present on a specific issue, the plain meaning of the rule allows the district court to enter a judgment on partial findings if the party fails to prove that issue by a preponderance of the evidence—where that issue is a necessary element of the prima facie case. Allowing a party to move for a judgment on partial findings also supports the judiciary's policy of

maintaining judicial economy, *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 481, 168 P.3d 731, 741 (2007), because a particular claim would not need to be litigated to completion if it is clear that a required element of the claim has not been proven.

When construing and applying NRCP 52(c), we may also look to FRCP 52(c) for guidance because its language is almost identical. *See Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662-63, 188 P.3d 1136, 1142 (2008) (providing that, when construing a Nevada Rule of Civil Procedure, this court may look to the interpretation of similarly worded federal rules). The broad language of FRCP 52(c), and NRCP 52(c), supports the judiciary's objective to "'conserve[ ] time and resources by making it unnecessary for the court to hear evidence on additional facts when the result would not be different even if those additional facts were established.'" *Id.* at 272 (alteration in original) (quoting 9 James Wm. Moore, et al., *Moore's Federal Practice* § 52.50[2] (3d ed. 2012)). Federal courts have interpreted the revised language of the rule to allow for the trial court to render a judgment on partial findings at any time during the trial as long as the party has been fully heard on the issue. *See, e.g., id.; Morales Feliciano v. Rullan,* 378 F.3d 42, 59 (1st Cir. 2004); *First Va. Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 407 (4th Cir. 2000); *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1031 (9th Cir. 1996). "[T]he right to be 'fully heard' does not amount to a right to introduce every shred of evidence that a party wishes, without regard to the probative value of that evidence." *First Va. Banks, Inc.,* 206 F.3d at 407; *see also Granite State Ins. Co.,* 76 F.3d at 1031. In reviewing whether a judgment on partial findings is appropriate, a district court may

weigh the evidence presented and determine whether the nonmoving party has satisfied its burden. *First Va. Banks, Inc.*, 206 F.3d at 407.

Here, the district court granted Hanson's motion for a judgment on partial findings after CBC presented only one of its five witnesses. CBC argued that it had not finished its presentation of its evidence regarding causation and damages. CBC made an offer of proof as to the evidence it intended to present. Had CBC been fully heard on the issues by being allowed to present its four remaining witnesses, it could potentially have proven that its work was not the cause of the defects.

*Indemnity*

An additional problem that arose in the underlying case is that the district court and CBC could not agree on the necessary elements of proving an indemnity claim—contractual and implied. When the district court improperly adds an element to a claim, a party should not be required to introduce evidence to prove an unnecessary element. We therefore must review the substantive elements of proving a claim for indemnity.

Indemnity "allows a complete shifting of responsibility to an 'indemnity obligor' when the party seeking indemnity has extinguished its liabilities incurred as a result of the indemnity obligor's 'active' fault." *Doctors Co. v. Vincent*, 120 Nev. 644, 651, 98 P.3d 681, 686 (2004). In order to establish a claim for indemnity, the party seeking indemnity must plead and prove that:

> (1) it has discharged a legal obligation owed to a third party; (2) the party from whom it seeks liability also was liable to the third party; and (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter.

*Rodriguez v. Primadonna Co.*, 125 Nev. 578, 590, 216 P.3d 793, 801 (2009).

The disagreement in this case focuses on whether proof of payment and evidence of the allocation of a settlement are required elements of an indemnity claim. In order to satisfy the requirement that the claimant discharged the indemnitor's legal obligation, the potential indemnitee must prove that it "extinguished its own liability through settlement or by paying a judgment." *Rodriguez*, 125 Nev. at 589, 216 P.3d at 801. Additionally, "[t]o establish a right to indemnification where a case is resolved by settlement, the party must establish that the settlement was reasonable[ ] [and] that the underlying claim was valid against it." 41 Am. Jur. 2d *Indemnity* § 27 (2005). As such, courts have determined that settlement is presumptive evidence of liability of the indemnitee and of the amount of liability, but it may be overcome by proof from the indemnitor that the settlement was unreasonable, *e.g.*, unreasonable in amount, entered collusively or in bad faith, or entered by an indemnitee not reasonable in the belief that he or she had an interest to protect. *Peter Culley & Assocs. v. Superior Court*, 13 Cal. Rptr. 2d 624, 632-33 (Ct. App. 1992); *see also Safeco Ins. Co. of Am. v. Gaubert*, 829 S.W.2d 274, 280-81 (Tex. App. 1992); *United Boatbuilders, Inc. v. Tempo Prods. Co.*, 459 P.2d 958, 960 (Wash. Ct. App. 1969). *But see Besser Co. v. Paco Corp.*, 671 F. Supp. 1010, 1014 (M.D. Pa. 1987) (concluding that an indemnitee must prove its liability to the third-party plaintiff); *Salt Lake City Sch. Dist. v. Galbraith & Green, Inc.*, 740 P.2d 284, 287 (Utah Ct. App. 1987) (determining that an indemnitee who settled with a third-party plaintiff without giving notice to the indemnitor must prove its liability for the settlement by a preponderance of the evidence). However,

proof of payment and the indemnitee's potential liability to the third-party plaintiff are not required in order to support the policy favoring settlement. Restatement (Third) of Torts: Apportionment of Liability § 22 cmt. c (2000); *see Damanti v. A/S Inger*, 153 F. Supp. 600, 601 (E.D.N.Y. 1957). Further, it is always possible for the district court to allow the indemnity claim to proceed through trial and simply make execution of the judgment contingent on payment of the underlying statement. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1451 (3d ed. 2010).

Here, the district court determined that CBC failed to prove that it paid the settlement and to present evidence that would allow the district court to determine what amount of the settlement could be apportioned to Hanson. CBC offered into evidence copies of the checks sent to the attorney for Apache Springs HOA and the corresponding acknowledgments of receipt from the attorney. The district court determined that the evidence was not sufficient to support a finding that the settlement was paid. However, as discussed above, proving that a payment was made with respect to a previous settlement is not an element of a cause of action for indemnity.

After Hanson renewed its motion for a judgment as a matter of law, CBC opposed dismissal, arguing that evidence of a good faith settlement determination and the testimony of its remaining four expert witnesses would establish its prima facie claim for indemnity. CBC was simply not given a chance to present evidence to prove its case. CBC was able to prove that it discharged a liability that it owed to a third party by offering evidence of the good-faith settlement. *See Rodriguez*, 125 Nev. at 590, 216 P.3d at 801. Further, it was established that CBC did not

provide any paving services. Finally, if CBC had been given a chance to present its four remaining expert witnesses, it may have been able to establish that it was not negligent in providing its services. We therefore conclude that the district court erred in determining that CBC had to prove that the settlement was paid and establish how the settlement amount was reached. Additionally, it was error for the district court to enter a judgment against CBC before it was able to present evidence to show that it was not the cause of the construction defects.[2] For the foregoing reasons we,

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[2]Because we reverse the district court's entry of judgment on partial findings, the district court's award of attorney fees must necessarily be vacated. *See W. Techs., Inc. v. All-Am. Golf Ctr., Inc.*, 122 Nev. 869, 876, 139 P.3d 858, 862 (2006) (vacating attorney fees award where damages award was reversed and remanded for recalculation).

cc:    Hon. Susan Johnson, District Judge
        Jay Earl Smith, Settlement Judge
        Brady, Vorwerck, Ryder & Caspino
        Lee J. Grant, II
        Robinson & Wood
        Eighth District Court Clerk