**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1992**

ROGER DALE CHILDRESS, II,

    Plaintiff - Appellant,

   v.

GOODLOE MARINE, INC.; BENTON GOODLOE, JR.,

    Defendants - Appellees,

   and

ATL TRANSPORTATION, LLC,

    Third Party Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, Chief District Judge. (1:16-cv-02884-JKB)

Submitted: February 27, 2019      Decided: March 11, 2019

Before NIEMEYER, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David S. Greene, LAW OFFICES OF DAVID S. GREENE, LLC, Rockville, Maryland;
Robert Mikel Caplan, Brian Gelnett, Alan J. Charkey, WHITE AND WILLIAMS LLP,
Philadelphia, Pennsylvania, for Appellant. JoAnne Zawitoski, Christina Bolmarcich,

SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Dale Childress, II, appeals from the district court's order granting summary judgment to Defendants in his civil action for negligence. We have reviewed the briefs and the joint appendix and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. *See Childress v. Goodloe Marine*, No. 1:16-cv-02884-JKB (D. Md. Aug. 9, 2018).

In addition, we note that, although Childress argues on appeal that the "last clear chance" doctrine applies,[*] Childress failed to raise this claim in district court. Accordingly, we decline to address it. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (holding that claims raised for the first time on appeal generally will not be considered, absent exceptional circumstances of plain error or fundamental miscarriage of justice); *see also First Virginia Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 407 n.1 (4th Cir. 2000) (declining to consider issues raised for first time on appeal).

Finally, Childress argues that the district court erred by relying upon its own common sense. According to Childress, the issue of what is, and is not, common sense should have been submitted to the jury. In addition, Childress avers that the procedures

---

[*] Under Maryland law, the doctrine of "last clear chance" permits a contributorily negligent plaintiff to recover damages from a negligent defendant if each of the following elements is satisfied: (i) the defendant is negligent; (ii) the plaintiff is contributorily negligent; and (iii) the plaintiff makes "a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence." *Liscombe v. Potomac Edison Co.*, 495 A.2d 838, 847 (Md. 1985) (citations omitted). In any event, this doctrine is not applicable as the negligence (and alleged negligence) of both parties was concurrent. *See Kassama v. Magat*, 792 A.2d 1102, 1114 n.12 (Md. 2002).

3

of unstrapping a load of heavy pipe, relevant here, required expert testimony and that the district court ignored the testimony of Scott Turner, Childress's expert. Childress also states that the district court should not have relied so heavily on a Safety Document given to Childress.

However, the determinative issue for the district court was whether Childress was contributorily negligent for failing to inform Defendants that he was changing their "system" and returning to a known dangerous area, rather than the safety zone. Thus, Turner's opinion regarding the negligence of Defendants was irrelevant. Moreover, the district court did not solely consider or rely upon the Safety Document. Instead, the court appropriately considered the document along with the "common sense" that would keep someone from standing in a dangerous area without telling others involved what was happening.

At the core, Childress's brief contends that his contributory negligence cannot be viewed in a vacuum and that the district court erred in not considering the actions of both parties involved. However, when a plaintiff is guilty of contributory negligence, the negligence of the defendant is immaterial. *See Bearings Serv. Co. v. Baltimore Transit Co.*, 77 A.2d 779 (1951); *see also Baltimore Cty. v. State, Use of Keenan*, 193 A.2d 30, 37 (1963) ("[P]rimary negligence involves a breach of duty owed to another, whereas contributory negligence involves a failure to take proper precautions for one's own safety."). Because as discussed above and as analyzed by the district court, Childress was contributorily negligent, the district court did not err in failing to consider issues surrounding Defendants' intentions and actions.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*