**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-6265

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

STACY ARTHANIEL THREATT,

       Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00417-FDW-1)

Submitted: September 30, 2021               Decided: October 12, 2021

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacy Arthaniel Threatt, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Arthaniel Threatt appeals from the denial of his motion for compassionate release. The district court denied the motion, ruling that Threatt failed to show an extraordinary and compelling reason for release and that, even if he had, the 18 U.S.C. § 3553 factors did not weigh in favor of release. We affirm.

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *High*, 997 F.3d at 186. Because there is "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020), "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise," *id*. (alteration and internal quotation marks omitted). Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors "in deciding whether

to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

Threatt first argues that the district court erred in determining that he had not provided an extraordinary and compelling reason for relief. Specifically, Threatt asserts that the district court improperly applied the Guidelines policy statement in determining that his medical conditions did not satisfy the extraordinary and compelling standard, erred in finding that his medical conditions did not place him at greater risk of serious illness from COVID-19, and erred in concluding that conditions at his institution did not render him particularly susceptible to the virus. Notably, however, Threatt does not argue that the district court erred in weighing the § 3553 factors. As such, he has waived any objection to the determinative finding by the district court that the § 3553 factors did not support his release. *See* 4th Cir. R. 34(b) (providing that the court does not consider claims not raised in appellant's informal brief). Accordingly, any error in finding that there were no extraordinary and compelling reasons for release was, at most, harmless error.

Next, Threatt asserts that the district court erred in failing to consider that his sentence was allegedly much harsher than his codefendants' and that he would be given a lower sentence were he resentenced today, given changes in the law and overall sentencing practices. Threatt contends that these circumstances are an extraordinary and compelling reason for his release, whether independently or in combination with the COVID-19 pandemic. However, this claim is improperly raised for the first time on appeal. In district court, Threatt did not raise the harshness of his sentence as either an extraordinary and compelling reason for his release or as a circumstance to be considered under § 3553. As

3

such, we decline to address this issue. *See First Virginia Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 407 n.1 (4th Cir. 2000) (declining to consider issues raised for first time on appeal).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4